UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLVIN McCRIGHT, B08892,<br><br>Petitioner,<br><br>v.<br><br>RON BROOMFIELD, Acting Warden,<br><br>Respondent. | Case No. 19-cv-07507-CRB (PR)<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**<br><br>(ECF No. 4) |

Petitioner, a state prisoner incarcerated at San Quentin State Prison (SQSP), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the January 30, 2019 decision of the Board of Parole Hearings (BPH) finding him unsuitable for parole. He also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

## BACKGROUND

In 1972, petitioner was convicted of first-degree murder and sentenced to seven-years-to-life in state prison under California's Indeterminate Sentencing Law (ISL). In 1977, California repealed ISL and enacted the current Determinate Sentencing Law (DSL). DSL adopted a two-stage approach to parole decisions. A prisoner first must be found suitable for parole under DSL guidelines. If this occurs, a date is set for his release.

Petitioner has been considered for parole under DSL's guidelines on various occasions, but each time he has been found unsuitable for parole. In the instant petition, petitioner challenges BPH's latest decision finding him unsuitable for parole on the ground that by considering him for parole under DSL guidelines, rather than ISL guidelines, BPH violated the prohibition against ex post facto laws and his rights to due process/equal protection. The state's superior, appellate and supreme courts all denied petitioner's challenge to BPH's January 30, 2019 decision.

# DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243. The petition accordingly may be dismissed if it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

B. Claims

Petitioner's claims are foreclosed by the law of the circuit. In Connor v. Estelle, 981 F.2d 1032 (9th Cir. 1992), the Ninth Circuit found that "the DSL guidelines require consideration of the same criteria as did the ISL." 981 F.2d at 1033-34 (citations and footnote omitted). Both DSL and ISL require BPH to consider a variety of factors in deciding whether to release a prisoner on parole, including the prisoner's "offense, age, habits, mental state, character, amenability to reform, and potential for recidivism," and "rehabilitative efforts while in prison." Id. at 1034 n.1 (citations omitted). The Ninth Circuit consequently held that because the application of DSL parole-suitability guidelines to prisoners sentenced under ISL "does not disadvantage them," it violates neither the "federal constitutional prohibition against ex post facto laws" nor the prisoners' federal constitutional rights to "equal protection" and "due process." Id. at 1034-35 (citations omitted). Petitioner is not entitled to federal habeas relief on his federal ex post facto, due process or equal protection claims.

Nor is petitioner entitled to federal habeas relief on his suggestion that BPH also misapplied California law. It is well established that federal habeas relief is not available for an alleged error or misapplication of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process).

/

# CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED. And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

But based solely on petitioner's affidavit of poverty, his motion for leave to proceed IFP (ECF No. 4) is GRANTED.

**IT IS SO ORDERED**.

Dated: March 3, 2020

CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLVIN MCCRIGHT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RON DAVIS,<br><br>　　　　　Defendant. | Case No. 3:19-cv-07507-CRB<br><br>**CERTIFICATE OF SERVICE** |

　　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　　That on March 3, 2020, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Colvin McCright ID: B-08892
San Quentin State Prison
San Quentin, CA 94974

Dated: March 3, 2020

　　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　　Lashanda Scott, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　　Honorable CHARLES R. BREYER

4